Jesse Aron Ross
Name
HDSP P.O. Box 650
Indian Springs NV 89070
#1095756
Prison Number



FILED _____ ENTERED   RECEIVED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 15 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

Jesse Aron Ross
              Plaintiff,

vs.

E.A. Thompson,
Jennifer Nash
Brian Williams
Harold Wickham

              Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)

## 2:18-cv-01992-JAD-CWH

**CIVIL RIGHTS COMPLAINT
PURSUANT TO**
42 U.S.C. § 1983

28 usc §1367, NRS 41.031, 41.032,
41.0322

### A. JURISDICTION

1)   This complaint alleges that the civil rights of Plaintiff, Jesse Ross ,
                                      (Print Plaintiff's name)
                         22010              N.V.
who presently resides at Coldcreek Rd. Indian Springs 89070 were

violated by the actions of the below named individuals which were directed against

Plaintiff at High Desert-Indian Springs on the following dates
                (institution/city where violation occurred)

1-23-18 to 3-27-18 , and
(Count I)           (Count II)           (Count III)

Revised 10-7-16

6) Defendant JAmes OZurendA resides at SAmeB As NO: 5 ,
     (full name of first defendant)        (address if first defendant)
and is employed as NDOC- Director . This defendant is sued in his/her
    ✓ individual  ✓ official capacity.  (Check one or both).  Explain how this defendant was acting

under color of law: SAme As No: 1

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983.  If you wish to assert jurisdiction under different or additional statutes, list them below.

28 usc §1367 supplemental Jurisdiction over stAte
LAw claims, NRS 41.031

- - - - - - - - - - - - - - - - - - - - - - - - -

**B. NATURE OF THE CASE**

1)    Briefly state the background of your case.

This Action Address Conditions of eonfinement
@ Nevada Department of Correction, ("NDoc")
High Desert state Prison ("HDSP") Administrative
Segragation ("AS") in Relation to denial
of outdoor Recreation/Exercise Yard;
with state Law Counter parts, Requesting
monet-ry, Declaratory, Injunctive & costs

- - - - - - - - - - - - - - - - - - - - - -

**C. CAUSE OF ACTION**

3

## COUNT I

The following civil rights has been violated: denial or out door exercise, A violation of the 8th Amendment, U.S. Const.

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Defendants: E.A. Thompson; Jennifer Nash; Brian Williams; Harold Wickham.

On 1-23-18, Plaintiff was transferred from unit 11-E-27-A (A protective segregation uninit Unit ["PSU"]), to unit 5-D-40, A Red tag cell, or Ad-seg-cell. In unit 5-D-40 Plaintiff Recieved No dayroom Activities, A Shower 3 times per week, No Visits No Law Library (Direct Access), And A highly restrictive enviroment, Atypical in comparison to "PSU". In FAct, Plaintiff was subjected to 24 hours 7 days A week in-cell-Solitary Confinement. from 1-23-18 to 3-27-18. Plaintiff was confined in solitary Confinement with No outdoor exercise yard. This 64 days of No yard caused Plaintiff substantial Physiological & Psychological Harm. Plaintiff is clinically Diagnosed with ① Depression ② Anxiety. Plaintiff is on the Maximum dose of

1  Psychotropic medication for Depression (45 mg of
2  RemRon) and Anxiety (30 mg of BusBAr), twice daily
3  During this period of confinement Plaintiff did
4  Not go to the Available "Dog Run" YARd
5  offered; Because there was No Water or
6  Bathroom Access on this "Dog Run YARd"
7  (see Hearns-v-Terhune 413 F.3d 1036 [9Th cir
8  2005]), And when offenders are out on this
9  [Satelite] "Dog Run YARd" offenders are often
10  Left out there for hours 1-3 hrs with
11  No Access to water/toilet. As A result of
12  Not having Access to this yARd Plaintiffs
13  mental Health issues Became much worse, Plaintiff
14  experienced suicidal Ideation, debilitating
15  Depression, Anxiety/Panic Attacks, Nightmares,
16  and experienced significant Muscle Atrophy.
17  Furthermore Plaintiff had A constitutional
18  right to 8 hours of yARd per week
19  (Adams-v-Wolf 624 F. SuPP, 1036
20  D. NEV 1985; & Toussaint-v-mcCArthy
21  597 F.SuPP 1388 @1402, 1412 N.D. cAl. 1984 —
22  Affirmed as to yARd 801 F.2d 1080 9Th cir
23  -1986) And 42 days or 6 weeks is the
24  threshold for A Constitutional Claim IN Re:
25  yARd (Lopez-v-smith 20 3 F.3d 11 22
26  @ 1133 N.15 9Th cir 2000; Allen-v-Sakai
27  48 F.3d 1082 9Th cir 1995), & Adams-v-Wolf

1. 624 F. Supp 1036 D. Nev 1985). This is
2. Not an isolated occurrence, As Plaintiff was
3. Denied Yard from 12-18-12 to 10-3-13 for
4. the same reasons.
5. Plaintiff Notified the defendant, and Nothing
6. was Done.
7. On 2-2-18 Plaintiff filed A Informal
8. grievance. (# 2006-30-61529) Stating that
9. the Lack of toilet Facilities and drinking
10. Water was Preventing me from Accessing the
11. Yard. This "Dog Run Yard" (Yard), is
12. A tiny Chainlink cage, detached from the
13. building, Fully exposed to Sun, No Shade.
14. On 2-22-18 E.A. Thompson denied Plaintiff's
15. In formal grievance Due to costs associated with
16. Adding water & toilets, Defendant Jennifer Nash ("Nash")
17. was also Aware of the constitutional violation
18. As Associate warden, "Nash" signed the
19. Denial of the grievance. As such Plaintiff timely
20. Appealed to the First Level grievance, which was
21. Assigned Jointly to Brian Williams and Jennifer
22. Nash, who Jointly denied Plaintiff's grievance
23. Plaintiff timely Appealed to the Second Level
24. of the grievance Process. Defendant Harold Wickham
25. Sent A Lt. Moreda to investigate the issue.
26. @ About Midnite to 0030 hrs I was awoken
27. from my sleep. I explained my position to
28.

1. The Lt. Provided him with the case LAW
2. Citations. In the 2ND Level grievance
3. Response "Wickham" cited the relevant 9th
4. Circuit case "Hearns" & PArtially granted"
5. Plaintiffs grievance stAting "I agree having
6. toilet Access would be optimal" - - - "toilet
7. Access on the YArds could Not be accomplished
8. without Major Construction ProJects". - - -
9. But Wickham refused to grant the Attached
10. Administrative Claim Form for DAmages, and
11. refused to order toilets/water Access
12. on the Ad-seg YArd. Each of the above
13. NAmed defendants were Aware of the
14. Constitationally deficient conditions, and
15. Failed to Remedy the LAck of toilet/
16. drinking water on the YArd. PlaintIFF is No
17. Longer in Segregation, Ad-seg; However this
18. Does Not moot the InJunctive relief.
19. BecAuse There is A NArrow exception to the
20. Mootness Principle for "cAses capable of repititron
21. Yet evviding review (weinstein-v-Bradford
22. 423 U.S. 147 @ 149 [1975]).

## COUNT II

The following civil rights has been violated: *Negligence - State Law Counterpart to count 1 - NRS 41.031*

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Plaintiff selectively In corporates The List of Defendants in Count 1 and the Statement of Facts in its entirety here in.

As such under Nevada Law, each person Named had A duty to uphold the grievances, to Provide Access to yard with water / toilet Access, each Failed in theyre duties to Plaintiff - these Failures are the cAus of plaintiffs physiological / psychological Damages.

Butler EX. Rel. Biller -v- Bayer 123 Nev. 450 168 P.3d 1055 @ 1065 Nev. 2007

## COUNT III

The following civil rights has been violated: Negligent training / Supervison, STAte LAw Cluim - NRS 41.031

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Defendant: JAmes Ozurenda. Plaintiff Selectively incurporates the Statement of Facts in Count 1 Herein. JAmes Ozurenda is The NDoC Director Conducting Activity through Defendants Thompson, NAsh, williams, and wickham. Ozurenda Hired, Appointed and/or retained these Agents. Upon information and belief, these agents are the subjects of numerous other civil suits for tortious Conduct relating to theyre employement with NDoC. Under StAte LAw JAmes Ozurend Has Failed to train and supervise these tortFeasors Both in a Negligent & Reckless mAnner. Restatement of Agency (second) § 213. The neunda supreme Court hcs cited Restatement (second) of Agency As AN Authoritive Surce, se, e.g. Anderson-v-munda long corp. 358 P.3d 242 @ 247 Neu. 2015

- - - - - - - - - - - - - - - - - - - - - - - -

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)   Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action?   _____ Yes   ✓ No.  If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below

## COUNT 4

The following civil rights has been violated: Intention Infliction of emotional distress - State LAw Counterpart to Count 1

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Defendants: Plaintiff selectively incorporates the Defendants & the statement of Facts in Count 1 herein

As such, each one of these defendants Failure to execute there pre-existing Duties were, extreme, outrageous, and reckless, said Failure caused Plaintiff substantial psychological distress, including sadness, Anxiety/panic attacks (Extreme Sharp Chest PAIN, And other physiological responses), Extreme depression/suicidal ideation.

Dillard Dept Stores, Inc -v- Beck with 115 Nev. 372 Nev. 1999.

• 6-A

outline).

a)  Defendants: _____

b)  Name of court and docket number: _____

c)  Disposition (for example, was the case dismissed , appealed or is it still pending?):

_____

d)  Issues raised: _____

_____

_____

e)  Approximate date it was filed: _____

f)  Approximate date of disposition: _____

2)  Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** X Yes ____ No. If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a)  Defendants: _Nye County_

b)  Name of court and case number: _Unknown - co CISPC-D-NeU Before DAwson_ _KJD_

c)  The case was dismissed because it was found to be (check one): ____ frivolous ____ malicious or X failed to state a claim upon which relief could be granted.

d)  Issues raised: _Strip Searches_

_____

e)  Approximate date it was filed: _12-12-12_

f)  Approximate date of disposition: _Unk._

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a)  Defendants: _NA_

b)  Name of court and case number: _____

7

c) The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d) Issues raised: _____

_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____.

b) Name of court and case number: _____.

c) The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d) Issues raised: _____

_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

3) Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ☒ Yes ___ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) ___ state or federal court decision; (3) ___ state or federal law or regulation; (4) ___ parole board decision; or (5) ___ other _____

If your answer is "Yes", provide the following information. Grievance Number *2006-306.1529*

Date and institution where grievance was filed *2-2-18 - HDSP*.

Response to grievance: *If (Denied) First lvl (Denied) 2nd lvl Purtially granted*

_____

_____

-------------------

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

Count 1: Compensatory $5,000 Exemplary: $2,500
Count 2-4   $5,000 Each Compensatory, $2,500
Exemplary. Declaratory Relief, costs, and
Injunctive relief requiring Drinking water/ toilets
be installed on the yard, Any & All relief the
Court deems Necessary, And emergency cAll
Buttons Be installed on these safe life yards

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Self

(Name of Person who prepared or helped prepare this complaint if not Plaintiff)

(Signature of Plaintiff)
Jesse A. Ross
9-29-18

(Date)

-------------------

(Additional space if needed; identify what is being continued)

9

Jesse Ross #1095756
HDSP- P.O. Box 650
Indian Springs NV 89070

Clerk
USDC- D. NEV.

Lloyd D. George U.S. courthouse
333 Las Vegas blvd S.C. - Rm 1334
LAs vegAS N.V.
89101

Legal mail

3762

Hasler
FIRST CLASS MAIL
$001.42⁵
ZIP 89018
011E0055516